IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELLIANDER AELFRIC ELDRIDGE and MELISSA LYN SCHARFINSKI,<br><br>**Plaintiffs,**<br><br>v.<br><br>CITY OF ALTON, ILLINOIS,<br><br>**Defendant.** | Case No. 3:24-CV-1788-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiffs Elliander Eldridge and Melissa Scharfinski's Amended Complaint (Doc. 14). The Court dismissed Plaintiffs' initial Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)(B) and granted them leave to file an amended complaint (Doc. 9). In the Amended Complaint, Plaintiffs raise ten claims against Defendant City of Alton, Illinois. (Doc. 14). For the reasons set forth below, Count I of the amended complaint is dismissed with prejudice; Count VII of the amended complaint is partially dismissed without prejudice; and Counts VIII and X of the complaint are dismissed without prejudice.

Because Eldridge and Scharfinski are proceeding without prepayment of the filing fee (Doc. 9), the Court must screen their amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismiss it if, among other things, it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District

judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

The standards applicable to reviewing claims under § 1915(e)(2)(B)(ii) are the same as those for reviewing claims under Federal Rule of Civil Procedure 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). Specifically, the plaintiff need only allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.* at 555. The court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in the plaintiff's favor. *See Burke v. 401 N. Wabash Venture, LLC,* 714 F.3d 501, 504 (7th Cir. 2013). Taken together, the factual allegations contained within a complaint must "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555 (cleaned up).

As an initial matter, the Court notes that Eldridge and Scharfinski's amended complaint is a vast improvement over their initial complaint, which "provided a long narrative of the history between [Plaintiffs], their neighbor, and the City of Alton" rather than complying with Rule 8(a) of the Federal Rules of Civil Procedure. (Doc. 9, at 16). The amended complaint, in contrast, is far more concise and organized.

Nevertheless, some of Eldridge and Scharfinski's claims against the City remain legally insufficient. In this Court's previous Order, Plaintiffs were given the direction that "instead of including such a detailed history of every grievance with their neighbor and

the City, Plaintiffs must identify and provide the *relevant* facts that support plausible *claims for relief*." (Doc. 9, at 16). While the amended complaint has been rewritten in accordance with Rule 8(a) and contains hardly any extraneous detail, it nevertheless fails to identify and provide those relevant facts for all of its claims. While the Court appreciates the effort that must have gone into rewriting, Plaintiffs have removed so many facts that some of their counts now fail to state a claim on which relief may be granted.

The Court discusses below each count of the amended complaint that must be partially or entirely dismissed under § 1915(e)(2)(B)(ii). However, because it is not immediately apparent that Counts II, III, IV, V, VI, and IX are otherwise deficient under § 1915(e)(2)(B), Plaintiffs may proceed on each of those claims in their entirety.

## COUNT I

In Count I of their amended complaint, Eldridge and Scharfinski raise a procedural due process claim under the Fourteenth Amendment. They allege that, together, they co-own a home in the City. (Doc. 14, ¶ 9). Since 2021, the City has issued various citations and initiated proceedings related to that shared property while only naming Scharfinski. *Id.* ¶¶ 10, 26. Eldridge, worried about his potential exposure to liens and costs as co-owner of the cited property, has sought without success to be heard in these proceedings. *Id.* ¶¶ 11, 26. Plaintiffs contend that preventing him from appearing or being heard in connection with these proceedings violates Eldridge's due process rights.

"[A] procedural due process claim requires a plaintiff to show that state actors deprived him of a protected property or liberty interest and that he did not receive

adequate process when he was deprived of that interest." *Adams v. Reagle*, 91 F.4th 880, 889 (7th Cir. 2024). Plaintiffs do not allege Eldridge was deprived of any property interest but complain solely of "exposure of his property to fines, liens, or encumbrances." (Doc. 14, ¶ 27). Exposure to (that is, risk of) fines, liens, or encumbrances on one's property is not the same thing as actually *incurring* such fines, liens, or encumbrances. That Plaintiffs do not allege that Eldridge *incurred* a fine, lien, encumbrance, or any other deprivation of his property right is fatal to their procedural due process claim.

Because Eldridge and Scharfinski fail to state a claim, the Court dismisses Count I. Moreover, because this claim was already raised in the initial complaint and dismissed for precisely the same reason (*see* Doc. 9, at 14–15), further attempts to amend it appear futile. *See Campos v. Cook County*, 932 F.3d 972, 977 (7th Cir. 2019) ("[A] district court need not grant leave to amend if there doesn't seem to be a plausible way to cure the defects." (citing *Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015))). Consequently, the dismissal is with prejudice.

## COUNT VII

Eldridge and Scharfinski subdivide Count VII of their amended complaint into two subparts: (a) a claim that the City effectuated an unconstitutional *per se* taking of their property, and (b) a claim that the City violated their substantive due process rights. At this time, subpart (a) of this Count does not appear to be deficient under § 1915(e)(2)(B); as such, Plaintiffs may proceed on Count VII to the extent that it states a takings claim. As explained below, however, subpart (b) does not state a claim on which relief may be granted and must be dismissed under § 1915(e)(2)(B)(ii).

In subpart (b), Eldridge and Scharfinski allege that the City violated their substantive due process rights under the Fourteenth Amendment by enforcing their waste-bin placement ordinances, which require Plaintiffs to place their waste-bins at a collection point that is inaccessible due to their disabilities. (Doc. 14, ¶¶ 15, 53–54). When Plaintiffs "requested reasonable modifications to trash collection," the City "denied or failed to provide" them. *Id.* ¶ 16 (emphasis omitted). The enforcement of the ordinances thus "forecloses functional access to and use of [their] property, violating substantive due process." *Id.* ¶ 54.

"[T]he scope of substantive due process is very limited." *Campos*, 932 F.3d at 975 (alteration in original) (quoting *Tun v. Whitticker*, 398 F.3d 899, 902 (7th Cir. 2005)). Substantive due process "is not 'a blanket protection against unjustifiable interferences with property'"; where a governmental practice does not encroach on a "fundamental right,"[1] the doctrine "requires only that the practice be rationally related to a legitimate government interest." *Lee v. City of Chicago*, 330 F.3d 456, 467 (7th Cir. 2003) (quoting *Schroeder v. City of Chicago*, 927 F.2d 957, 961 (7th Cir. 1991)) (citing *Washington v. Glucksberg*, 521 U.S. 702, 728 (1997)). And where, as here, "a substantive-due-process challenge involves only the deprivation of a property interest, a plaintiff must show 'either the inadequacy of state law remedies or an independent constitutional violation' before the court will even engage in this deferential rational basis review."[2] *Id.* (quoting

---

[1] Plaintiffs do not allege an encroachment on any fundamental right. *See, e.g.*, *Hayden ex rel. A.H. v. Greensburg Cmty. Sch. Corp.*, 743 F.3d 569, 575 (7th Cir. 2014) (explaining that "fundamental" rights include those enumerated explicitly in the Bill of Rights and a "short list" list of others).
[2] Plaintiffs must meet this additional burden because they indeed only allege a deprivation of a property interest: that the waste-bin placement requirement "unreasonably interferes with [the] use and enjoyment of [their] property." (Doc. 14, ¶ 53).

*Doherty v. City of Chicago*, 75 F.3d 318, 323–26 (7th Cir. 1996)).

Eldridge and Scharfinski fail to state a claim because they do not allege sufficient facts to meet this burden. They do not allege an independent constitutional violation[3] beyond the ostensible substantive due process violation. Nor do they allege that state-law remedies are inadequate.

However, even assuming Plaintiffs had sufficiently alleged the inadequacy of state-law remedies or an independent constitutional violation, the claim in subpart (b) would still be deficient under § 1915(e)(2)(B)(ii). "A property owner challenging a land-use regulation as a violation of due process is . . . obliged to show that the regulation is arbitrary and unreasonable, bearing no substantial relationship to public health, safety, or welfare." *Gen. Auto Serv. Station v. City of Chicago*, 562 F.3d 991, 1000–01 (7th Cir. 2008) (citing *Greater Chicago Combine & Ctr., Inc. v. City of Chicago*, 431 F.3d 1065, 1071 (7th Cir. 2005)). To this end, Plaintiffs have only alleged that the City's waste-bin placement requirement "is an arbitrary and oppressive application of the ordinance." This conclusory allegation "merely recit[es] the elements of the claim" and therefore is not entitled to an assumption of truth. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009)). They have not alleged any other facts which, taken as true, would show that the regulation bears no substantial relationship to public health, safety, or welfare.[4]

---

[3] The alleged taking does not satisfy this requirement, as it is predicated on a different factual allegation: that the City requires Eldridge and Scharfinski's neighbors to place their waste-bins on Eldridge and Scharfinski's property. (*See* Doc. 14, ¶¶ 15, 53–54).

[4] It is worth noting that, assuming Plaintiffs were to plausibly allege the inadequacy of state-law remedies or an independent constitutional allegation, Eldridge and Scharfinski could absolutely survive review under § 1915(e)(2)(B)(ii) by alleging facts indicating that the City's waste-bin placement ordinances are

Because Plaintiffs have failed to state a claim on which relief can be granted in subpart (b), Count VII is dismissed without prejudice to the extent it raises a substantive due process claim.

### COUNT VIII

In Count VIII, Eldridge and Scharfinski allege a violation of the noise pollution prohibition of the Illinois Environmental Protection Act, 415 ILL. COMP. STAT. 5/24, and its implementing regulations. Specifically, they allege that "[t]he City's operation of the Alton Amphitheater on repeated Saturdays projects amplified music that exceeds applicable limits and/or produces prohibited tones at Plaintiffs' residence . . . and unreasonably interferes with Plaintiffs' use of their home and sleep." (Doc. 14, ¶ 58). The Court does not reach the question of whether Plaintiffs have adequately stated a claim, however, because it has determined that it does not have subject matter jurisdiction over Count VIII. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case.").

Where a district court has original subject matter jurisdiction over one claim, it may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a); *Pogorzelska v. VanderCook Coll. of Music*, 442 F. Supp. 3d 1054, 1061 (N.D. Ill. 2020). "Supplemental jurisdiction is a 'doctrine of discretion, not of

---

arbitrary. *See Wroblewski v. City of Washburn*, 965 F.2d 452, 459–60 (7th Cir. 1992) ("The rational basis standard, of course, cannot defeat the plaintiff's benefit of the broad Rule 12(b)(6) standard."). The Court simply notes that, at this time, Plaintiffs' allegations merely recite the elements of their claim and therefore have not cleared even this very low hurdle.

plaintiff's right,'" which allows a federal court to hear related federal and state-law claims "'where the federal claim has sufficient substance to confer subject matter jurisdiction on the court, and the state and federal claims derive from a common nucleus of operative facts.'" *Pogorzelska*, 442 F. Supp. 3d at 1061 (first quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); and then quoting *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995)). While a loose factual connection is generally enough to establish supplemental jurisdiction, the factual connection must truly be operative. *Id.* In other words, the facts linking the state-law claims to the federal claims must be relevant to the resolution of the federal claims. *Id.*

Count VIII is a state-law noise pollution claim between two citizens of the same state; consequently, this Court does not have subject matter jurisdiction over the claim under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332. Subject matter jurisdiction over Count VIII exists, if at all, as an exercise of supplemental jurisdiction under 28 U.S.C. § 1367.

Eldridge and Scharfinski's noise pollution claim, however, does not share a common nucleus of operative facts with any of their federal claims.[5] They allege in Count VIII that the noise levels emitted by concerts at the Alton Amphitheater are unlawfully high. No other claim in the amended complaint turns on that question—or, indeed, has anything to do with it.[6] In other words, the claims share no common nucleus

---

[5] This is in contrast to Count IX, which alleges that the some of the conduct at issue in Counts II and IV also constitute state law negligence. (Doc. 14, ¶¶ 29–34, 41–46, 60–63).

[6] The closest possible connection is that Plaintiffs' complaints to the City about the noise level, among other things, constituted protected First Amendment activity for which they experienced retaliation, as they allege in Count III (*see* Doc. 14, ¶¶ 12–13, 36–37). This connection, however, is still far too attenuated to confer supplemental jurisdiction. Whether or not the noise levels emitted by the Alton Amphitheater were indeed in violation of state law has no bearing on whether or not Plaintiffs' complaints to the City were protected First Amendment activity, whether Plaintiffs suffered a deprivation because of that activity, or

of operative fact. Without the jurisdiction to hear Count VIII, the Court dismisses it without prejudice.

## COUNT X

In this rather threadbare claim, Eldridge and Scharfinski allege that they "maintain a pollinator garden on their residential property" and that "the City has cited them or threatened enforcement inconsistent with" the Illinois Garden Act, 505 ILL. COMP. STAT. 87/1–25. (Doc. 14, ¶ 65). As Plaintiffs point out (Doc. 14, ¶ 64), the Garden Act provides for the right to grow a vegetable garden,[7] 505 ILL. COMP. STAT. 87/15, and preempts conflicting municipal regulation,[8] 505 ILL. COMP. STAT. 87/20. Other than the fact that they maintain a garden and have been threatened with enforcement they believe to be inconsistent with the Garden Act, Plaintiffs allege no other facts related to Count X of their amended complaint. Plaintiffs seek "declaratory and injunctive relief barring the City from enforcing ordinances that conflict with the Garden Act." (Doc. 14, ¶ 67 (flush language)).

Plaintiffs also seek an additional remedy: "a declaration that the City may not enforce ordinances in a manner that would require Plaintiffs to violate federal law, including the federal Endangered Species Act, and that any such conflicting application

---

whether their protected activity was at least a motivating factor for the retaliation. *See Minocqua Brewing Company LLC v. Hess*, No. 25-2092, 2025 WL 3292188, at *4 (7th Cir. Nov. 26, 2025) (citing *FKFJ, Inc. v. Village of Worth*, 11 F.4th 574, 585 (7th Cir. 2021)) (listing elements of First Amendment retaliation claim). Thus, to the extent there is a factual connection at all, it cannot be described as "operative."

[7] The Act defines vegetable gardens as "any plot of ground or elevated soil bed on residential property where vegetables, herbs, fruits, flowers, pollinator plants, leafy greens, or other edible plants are cultivated." 505 ILL. COMP. STAT. 87/10.

[8] However, the Act also provides that it "does not preclude the adoption of a regulation or local ordinance of general nature that does not specifically regulate vegetable gardens, provided that any such regulation or ordinance does not have the effect of precluding vegetable gardens." 505 ILL. COMP. STAT. 87/25.

is preempted," *id.* ¶ 67, as well as injunctive relief to that effect, *id.* ¶ 67 (flush language). (Plaintiffs do not, however, provide any factual allegations related to this prayer for relief.) In effect, then, Count X comprises two claims regarding the City's attempted enforcement against Plaintiffs' vegetable garden: one arising under state law (the enforcement is contrary to the Garden Act), and one arising under federal law (the enforcement would require Plaintiffs to violate the Endangered Species Act[9]).

Eldridge and Scharfinski's federal claim must be dismissed under § 1915(e)(2)(B)(ii). This is because they have failed to allege any facts whatsoever to establish the relevance of the Endangered Species Act (or any other federal law) to the enforcement attempts by the City. Without any factual basis from which the Court could infer that the City's enforcement attempts are in violation of federal law, it can only conclude that Plaintiffs have failed to state a claim on which relief may be granted.

The Court acknowledges that, in their initial complaint, Plaintiffs did supply relevant factual allegations concerning the Endangered Species Act and the City's ordinance enforcement. (Doc. 1, at 30–38). Specifically, Plaintiffs alleged that the Rusty Patched Bumble Bee, an endangered species, nests in the soil of their pollinator garden. *Id.* at 31. They further alleged that the City has on many occasions issued citations and initiated Court proceedings against Plaintiffs for ostensible violations of the City's weed and long grass ordinances. *Id.* at 30–32, 35, 37–38. To comply with the City's interpretation of those ordinances, Plaintiffs would need to mow their garden—harming the bees and thereby violating the Endangered Species Act. *Id.* at 31–32. Plaintiffs allege that this cycle

---

[9] 16 U.S.C. § 1531–1544.

recurs each year, as the flowers are perennials;[10] once the flowers (and endangered bees) die in the winter, they can mow the garden. *Id.* at 31–32. Once they do, the City's case against them "always gets dismissed." *Id.* at 31–32. Nevertheless, Plaintiffs anticipate further enforcement attempts in the future. *Id.* at 33.

None of those relevant facts, however, are present in the amended complaint. Even if the Court had not dismissed Eldridge and Scharfinski's original complaint (*see* Doc. 9), "[t]he filing of an amended complaint has the effect of superseding the original complaint." *Fry v. UAL Corp.*, 895 F. Supp. 1018, 1048 (N.D. Ill. 1995) (holding that an argument is not sufficiently pled when supported by factual allegations in an original complaint but not the amended complaint). Because Plaintiffs' amended complaint supersedes the original, the Court may not consider the above-described allegations. As such, Plaintiffs' federal claim in Count X is deficient under § 1915(e)(2)(B)(ii).

The Court will also dismiss Plaintiffs' state-law claim in Count X for lack of subject matter jurisdiction. Plaintiffs' claim—that the City's ordinance enforcement violates the Garden Act—does not arise under federal law and thus cannot be heard under 28 U.S.C. § 1331. Neither does diversity jurisdiction exist under 28 U.S.C. § 1332, as Eldridge, Scharfinski, and the City of Alton are all citizens of Illinois. (Doc. 14, ¶¶ 6–8). Thus, supplemental jurisdiction under 28 U.S.C. § 1367 is the only potential source of subject matter jurisdiction over this claim.

Supplemental jurisdiction is discretionary. *See* 28 U.S.C. § 1367(c) (listing instances

---

[10] The word perennial "typically describes (or, as a noun, refers to) plants that die back seasonally but produce new growth in the spring." *Perennial*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/perennial (last visited Dec. 9, 2025).

in which a district court may decline to exercise otherwise proper supplemental jurisdiction over a claim); *see also, e.g.*, *Pogorzelska*, 442 F. Supp. 3d at 1061 ("Supplemental jurisdiction is a 'doctrine of discretion, not of plaintiff's right.'" (quoting *Gibbs*, 383 U.S. at 726)). Courts may decline to exercise supplemental jurisdiction over a state-law claim that raises "novel or complex issue[s] of State law." 28 U.S.C. § 1367(c)(1); *see, e.g.*, *O'Shea v. Augustana College*, 593 F. Supp. 3d 838, 852–53 (C.D. Ill. 2022) (declining to exercise supplemental jurisdiction over claims which would have required the district court to "determine[e] for the very first time whether an Illinois statute implies a private right of action").

In the Court's view, Plaintiff's Garden Act claim raises multiple issues of state law of varying levels of complexity: whether the Act implies a private right of action,[11] whether the Act reaches gardens like Plaintiffs',[12] whether the City's ordinances at issue are permitted under the Act's savings clause for local regulation,[13] and so on. Every single one of these issues is "novel" because—as far as the Court can determine—the Act has never been litigated in state or federal court.[14] The question of whether the Act implies a private right of action is alone sufficient to justify declining supplemental

---

[11] A "private right of action" is "[a]n individual's right to sue in a personal capacity to enforce a legal claim." *Right of Action*, BLACK'S LAW DICTIONARY (12th ed. 2024). Nowhere in the Garden Act is there a provision expressly creating such a right. *See* 505 ILL. COMP. STAT. 87/1–25. In other words, the mere fact that the Garden Act provides a right to grow a vegetable garden on residential property in Illinois does not by itself enable a plaintiff to sue if they believe that right has been violated.

[12] Plaintiffs term their garden a "pollinator garden." (Doc. 14, ¶ 66). Does the statutory definition of vegetable garden ("vegetables, herbs, fruits, flowers, pollinator plants, leafy greens, or other edible plants," 505 ILL. COMP. STAT. 87/10) include the flowers in Plaintiffs' garden?

[13] 505 ILL. COMP. STAT. 87/25.

[14] Indeed, the only citation on either Lexis or Westlaw to any section of the Act in any court document is Plaintiffs' own amended complaint. Amended Complaint, ¶ 65, *Eldridge v. City of Alton*, No. 24-cv-1788, 2025 U.S. Dist. Ct. Pleadings LEXIS 195814 (S.D. Ill. Sept. 19, 2025).

jurisdiction over this claim. *See O'Shea*, 593 F. Supp. 3d at 853 ("Determining for the very first time whether an Illinois statute implies a private right of action is certainly a novel issue which the Court believes is best reserved for Illinois courts."). Even assuming that Plaintiffs' Garden Act claim and at least one other remaining claim share "a common nucleus of operative facts," *Ammerman*, 54 F.3d at 424, the Court nevertheless declines to exercise supplemental jurisdiction.

Due to the deficiency of Plaintiffs' federal claim under § 1915(e)(2)(B)(ii) and the absence of federal subject matter jurisdiction over their state-law claim, Count X is dismissed without prejudice.

## Conclusion

For these reasons, Count I of Plaintiffs Elliander Eldridge and Melissa Scharfinski's Amended Complaint (Doc. 14) is **DISMISSED with prejudice**. Count VII, to the extent it raises a substantive due process claim, is **DISMISSED without prejudice**. Counts VIII and X are **DISMISSED without prejudice**.

The Court **DIRECTS** the Clerk of Court to provide Eldridge and Scharfinski with a USM-285 form. Eldridge and Scharfinski are **ORDERED** to return the completed form to the Clerk of Court. Upon receipt of the completed USM-285 form, the Clerk is **DIRECTED** to prepare and issue a summons for Defendant City of Alton, Illinois, and to deliver a service packet consisting of the summons, USM-285 form, and a copy of the Amended Complaint to the United States Marshals Service. The Court **DIRECTS** the United States Marshal, upon receipt of these documents, to serve a copy of the summons and Complaint upon Defendant in any manner consistent with Rule 4, as directed by the

Plaintiffs. Costs of service shall be borne by the United States.

**IT IS SO ORDERED.**

DATED:   December 10, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**